Abraham　Greenberg
vs.　　　No. 82588.
Agnes　N.　Beede

June 25, 1931.

FROST, J.　Heard on plaintiff's motion for new trial after verdict for defendant.

This is a case brought by the plaintiff, a painter and paper hanger of Pawtucket, to recover for personal injuries received on September 20, 1929, when the automobile which he was driving was in collision with a machine owned by the defendant and driven by Francis J. Payne, who was in the employ of the defendant.　In the early afternoon Mr. Greenberg was driving his Ford car southerly on East avenue in the direction of Providence. He was in the car track which is on the westerly side of the highway.　The roadway easterly of the single car track is wide enough for two machines. He testified that he was driving at a speed of about 20 miles per hour; that Mrs. Beede's machine was coming towards Pawtucket; that when her car passed another car, it was right in front of him; that he turned to his left to avoid a collision but was struck and thrown out.　He suffered a fracture of the right pelvis.

Francis J. Payne, 39 years of age, a chauffeur in the employ of Mrs. Beede for some years, was driving a Cadillac seven passenger sedan.　He had driven from Jamestown that morning.　In the car was Mr. Farrell, on his right, while back of him was Anna Shroeder, a maid in the employ of Mrs. Beede.　To her right sat Mrs. Beede.

Mr. Payne testified that he was driving on the right hand side of the road at a speed of 18 to 20 miles per hour; that there was no machine in front of him; that he passed no automobile; that he saw Greenberg's car which was coming in the car track; that just before he reached Harvey street, Greenberg's car suddenly swerved in front of him; that the machines came together; that he stopped in about 10 feet with his front wheel up against the easterly curbing; that the right front of Greenberg's car was stove in; that after the accident he saw skid marks leading from the car track.

Michael A. Farrell, a gardener in the employ of Mrs. Beede for about 30 years, who was sitting on the driver's right, testified that Mr. Payne was on the extreme right; that he saw a machine in the car track coming towards them; that it slewed right around in front of their car; that Mr. Payne made a remarkably quick stop; that when their machine stopped it was right up close to the curbing.

Mrs. Beede testified that the car in which she was riding was proceeding slowly on the right hand side of the road; that there was a bang and her glasses came off and she went to the bottom of the car; that when she stepped out she stepped to the sidewalk from the door of the machine; that Greenberg's car "came into us about at a right angle."

Milton P. O'Brien, a police officer, testified that he was sent out to investigate the accident; that he saw Greenberg at the hospital and that the latter told him that something went wrong with his steering wheel.

Andre J. Blanchard, a police patrol driver, also talked with the plaintiff at the hospital. He testified that Greenberg said that his car went across the road and after that he knew nothing.

Frank C. Flanagan, the proprietor of a garage in Pawtucket, testified that Greenberg's car was a Model T 1921 Ford coupe; that the right side of the car was smashed in; that he thought there was no damage to the left side.

An employee of Flanagan's Garage towed the Ford car to the garage. He testified that when he "jacked it up" he saw that the wishbone had dropped off.

There was abundant evidence tending to show that defendant's car was proceeding on the right hand side of the highway; that plaintiff's car was a very old car; that some part of the machine either dropped off or was loosened from other parts of the car in such a manner that the car became incapable of control; that the machine turned directly across the road into the path of defendant's car; that the resulting accident was due in no way to any fault of the driver of defendant's car.

The Court is of the opinion that the fair preponderance of the testimony supports the finding of the jury and that the verdict does substantial justice between the parties.

Plaintiff's motion for a new trial is therefore denied.

For plaintiff: Hogan & Hogan, Vance & Vance, Adler & Flint.

For defendant: Sherwood, Heltzen & Clifford.